# EXHIBIT A

5055-J/dls
MARTIN, GUNN & MARTIN, P.A.
William J. Martin, Esquire
Attorney ID No. 047941988
Sentry Office Plaza, Suite 420
216 Haddon Avenue
Westmont, New Jersey 08108
(856) 858-0900
(856) 858-1278 (fax)
Attorneys for Plaintiff Michael Simons

| | |
|---|---|
| MICHAEL SIMONS, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff | MIDDLESEX COUNTY |
| | |
| vs. | DOCKET NO. MID-L-5129-15 |
| | |
| BOSTON SCIENTIFIC, GARY | CIVIL ACTION |
| LICKOVICH, SAMUEL CONAWAY | |
| and JOHN DOES 1-30, | **SUMMONS** |
| | |
| Defendant(s) | |

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT(S) NAMED ABOVE:  BOSTON SCIENTIFIC

    The Plaintiff, named above, has filed a lawsuit against you in the Superior Court
of New Jersey.  The Complaint attached to this summons states the basis for this lawsuit.
If you dispute this Complaint, you or your attorney must file a written answer or motion
and proof of service with the Deputy Clerk of the Superior Court in the county listed
above within 35 days from the date you received this summons, not counting the date you
received it.  (A directory of the addresses of each deputy clerk of the Superior Court is
available in the Civil Division Management Office in the county listed above and online
at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)  (The address of
each deputy clerk of the Superior Court is provided.)  If the Complaint is one in
foreclosure, then you must file your written answer or motion and proof of service with
the Clerk of the Superior Court, Hughes Justice Complex, P. O. Box 971, Trenton, NJ
08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed
Case Information Statement (available from the deputy clerk of the Superior Court) must

**EXHIBIT A**

accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

       If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

       If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. A list of these numbers is also provided.

Dated:       September 15, 2015       *Michelle M Smith*

                                           Michelle M. Smith, Clerk

Name of Defendant to be Served:       Boston Scientific
Address of the Defendant to be Served:       c/o Faegre Baker Daniels LLP
                                          2200 Wells Fargo Center
                                          90 South Seventh Street
                                        Minneapolis, MN 55402-3901

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS  8:30 AM - 4:30 PM

DATE:   SEPTEMBER 01, 2015
RE:     SIMONS MICHAEL VS BOSTON SCIENTIFIC
DOCKET: MID L -005129 15

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON VINCENT LEBLON

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       001
AT:  (732) 519-3728 EXT 3728.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: WILLIAM J. MARTIN
MARTIN GUNN MARTIN
SENTRY OFFICE PLAZA SUITE 420
216 HADDON AVE
WESTMONT        NJ 08108

JUMLEE2

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|

### CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

FOR USE BY CLERK'S OFFICE ONLY
PAYMENT TYPE: ☐CK ☐CG ☐CA
CHG/CK NO.:
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

ATTORNEY / PRO SE NAME
William J. Martin I.D. 047941988

TELEPHONE NUMBER
(856) 858-0900

COUNTY OF VENUE
Middlesex

FIRM NAME (if applicable)
Martin, Gunn & Martin, P.A.

DOCKET NUMBER (when available)
MID-L-5129-15

OFFICE ADDRESS
216 Haddon Avenue,
Suite 420
Westmont, NJ 08108

DOCUMENT TYPE
Complaint

JURY DEMAND ☐ YES ☐ No

NAME OF PARTY (e.g., John Doe, Plaintiff)
Michael Simons, Plaintiff

CAPTION
Michael Simons vs. Boston Scientific, Gary Lickovich, Samuel Conaway and John Does 1-30

CASE TYPE NUMBER
(See reverse side for listing)
618

HURRICANE SANDY RELATED?
☐ YES ■ NO

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO
IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?
☐ Yes ■ No

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES
(arising out of same transaction or occurrence)?
☐ Yes ■ No

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)
☐ NONE
■ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?
■ Yes ☐ No

IF YES, IS THAT RELATIONSHIP?
■ EMPLOYER/EMPLOYEE
☐ FAMILIAL
☐ FRIEND/NEIGHBOR
☐ BUSINESS
☐ OTHER (explain)

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

FILED & RECEIVED 2015 AUG 3 P 2:03 CIVIL OFFICE MIDDLESEX VICINAGE

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?
☐ Yes ■ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

WILL AN INTERPRETER BE NEEDED?
☐ YES ■ NO

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (summary action) |
| 999 | OTHER (briefly describe nature of action) |

**Track II - 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE -- PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE -- PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT -- OTHER |

**Track III - 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 286 | LEVAQUIN | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 287 | YAZ/YASMIN/OCELLA | 601 | ASBESTOS |
| 288 | PRUDENTIAL TORT LITIGATION | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ Putative Class Action   ☐ Title 59

Effective 05-04-2015, CN 10517-English

5055-J/dls
MARTIN, GUNN & MARTIN, P.A.
William J. Martin, Esquire
Attorney ID No. 047941988
Sentry Office Plaza, Suite 420
216 Haddon Avenue
Westmont, New Jersey 08108
(856) 858-0900
(856) 858-1278 (fax)
Attorneys for Plaintiff Michael Simons

FILED & RECEIVED #3

2015 AUG 31  P 2: 03

CIVIL OFFICE
MIDDLESEX VICINAGE

MICHAEL SIMONS,

              Plaintiff

vs.

BOSTON SCIENTIFIC, GARY
LICKOVICH, SAMUEL CONAWAY
and JOHN DOES 1-30,

              Defendant(s)

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
MIDDLESEX COUNTY

DOCKET NO. MID-L- 5 1 2 9 - 15

CIVIL ACTION

**COMPLAINT, CERTIFICATION
PURSUANT TO R. 1:38-7(c),
CERTIFICATION PURSUANT TO
R. 4:5-1, DESIGNATION OF TRIAL
COUNSEL, DEMAND FOR A JURY
TRIAL.**

The plaintiff, Michael Simons, by way of Complaint against defendants, says that:

1.    Plaintiff Michael Simons resides at 34 Wanamaker Avenue, Waldwick,

New Jersey.

2.    Defendant Boston Scientific is in the business of selling pharma- ceuticals

in the United States, including the State of New Jersey.

3.    Defendant Boston Scientific does business in Middlesex County, New

Jersey.

4.    Michael Simons was employed for over 15 years with Boston Scientific as

a regional sales manager.

5.    Plaintiff had a team of 8 to 11 people under him and routinely made his quotas and received awards.

6.    In October 2014, plaintiff followed company procedure and reported to Human Resources that one of his subordinates, Jillian Rothwell, had been subjected to sexual harassment by a supervisor, Gary Lickovich, a Boston Scientific vice president of sales.

7.    Although Human Resources spoke to the offender Lickovich and Lickovich's supervisor, Samuel Conaway, Human Resources did not contact or report to either Ms. Rothwell or to plaintiff regarding any investigation.

8.    After plaintiff duly reported sexual harassment allegations that had come to his attention under defendant's policy, Conaway and Lickovich then went on a course of conduct to retaliate against plaintiff, defame him in the workplace and business community, and discriminated against him while he was undergoing voluntary alcohol rehabilitation under the company's program under FMLA.

9.    Conaway and Lickovich wrongly accused plaintiff of sexual harassment of female co-employees. None of the female employees involved in the purported event considered any conduct by plaintiff inappropriate and verified that no sexual harassment had taken place.

10.    Plaintiff determined that it was necessary to have in-patient treatment for alcohol dependency, and he applied for alcohol rehabilitation treatment under the Boston

Scientific treatment program.

11.    Plaintiff applied for and received FMLA leave from the company and underwent 30 days in-patient rehabilitation in California.

12.    While he was on FMLA leave to recover from alcohol dependency, Lickovich began contacting doctors and company representatives, stating that plaintiff was getting fired for being a drunk.

13.    Lickovich began contacting Boston Scientific representatives to ask questions about plaintiff's drinking habits.

14.    As part of his retaliation against plaintiff, Lickovich took it upon himself to create his own investigation about plaintiff's alcohol use while plaintiff was in alcohol rehabilitation treatment under the Boston Scientific company program.

15.    Defendant Conaway announced on a conference call with other representatives of the defendant that "We're pulling for Mike; we hope he gets better," thereby publically discussing plaintiff's private medical issues with his peers.

16.    On plaintiff's return from his 30 day inpatient treatment for alcohol abuse under FMLA, he was summarily discharged.

17.    The only reason provided to plaintiff for his termination was that stated by defendant Conaway that "we think you were intoxicated on a sales call at 5:30 PM on February 27, 2015."

18.    Conaway would not provide any documents to support this allegation that plaintiff was drinking alcohol or was allegedly intoxicated at a phone conference at 5:30

3

on a Friday afternoon.

19.     Plaintiff was not charged with any violation of company policy nor was he given the opportunity to present his side of any allegation that he was intoxicated on a conference call.

20.     Defendant has no evidence that plaintiff was intoxicated at any such meeting.

21.     Plaintiff was never approached prior to the date of his termination and questioned as to whether he was drinking alcohol on February 27, 2015.

22.     Plaintiff was not intoxicated at any such meeting.

23.     Plaintiff is not aware of any investigation being conducted for his having been allegedly intoxicated during a conference call, nor was he given the opportunity to respond.

<u>COUNT I</u>

24.     Plaintiff repeats and incorporates all allegations previously set forth in the Complaint as if more fully set forth herein.

25.     Defendants terminated plaintiff from his employment with defendant on the basis of plaintiff's disability or perceived disability of recovering from alcoholism.

26.     Plaintiff requested a reasonable accommodation for his disability of a leave of absence from work, and was retaliated against for a reasonable accommodation request for his disability by the defendants.

27.     The actions of defendants of discriminating against plaintiff due to a

disability or perceived disability constitute discrimination in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 *et seq.*

28.     As a result of the foregoing continuing discriminatory conduct by defendants, plaintiff was discriminated against based upon his disability or perceived disability in violation of the LAD, and plaintiff has suffered and will continue to suffer injury and damage to his personal and professional reputation, emotional distress, humiliation, and the loss of past, present and future earnings and benefits as direct result of the foregoing conduct by defendants.

29.     The conduct of the defendants was egregious and outrageous with actual malice, or was willful and wanton acts with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act to plaintiff and his family, sufficient to give rise to a claim for punitive damages.

*WHEREFORE,* the plaintiff demands judgment against defendant Boston Scientific for back and front pay, compensatory damages, punitive damages, interest, cost of suit, attorney's fees and such other relief as the Court deems equitable and just.

<u>COUNT II</u>

30.     Plaintiff repeats and incorporates all allegations previously set forth in the Complaint as if more fully set forth herein.

31.     At the time of his termination, plaintiff had requested and received leave under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

32.     Defendants terminated plaintiff in retaliation for making a request for

5

FMLA leave, in violation of 29 U.S.C. § 2615(a).

33.    As a result of the foregoing conduct by defendants, plaintiff has suffered and will continue to suffer injury and damage to his personal and professional reputation, emotional distress, humiliation, and the loss of past, present and future earnings and benefits as direct result of the foregoing conduct by defendants.

34.    The conduct of the defendants was egregious and outrageous with actual malice, or was willful and wanton acts with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such  act to  plaintiff and his family, sufficient to give rise to a claim for punitive damages.

*WHEREFORE*, the plaintiff demands judgment against defendant Boston Scientific for back and front pay, compensatory damages, punitive damages, interest, cost of suit, attorney's fees and such other relief as the Court deems equitable and just.

## COUNT III

35.    Plaintiff repeats and incorporates all allegations previously set forth in the Complaint as if more fully set forth herein.

36.    Plaintiff reported that a subordinate was subjected to sexual harassment pursuant to defendant's policies and procedures, but plaintiff was retaliated against for doing so by defendants, in violation of the New Jersey LAD, N.J.S.A. 10:5-1 et seq.

37.    As a result of the foregoing conduct by defendants, plaintiff has suffered and will continue to suffer injury and damage to his personal and professional reputation, emotional distress, humiliation, and the loss of past, present and future earnings and

6

benefits as direct result of the foregoing conduct by defendants.

*WHEREFORE*, the plaintiff demands judgment against defendant Boston

Scientific for back and front pay, compensatory damages, punitive damages, interest, cost

of suit, attorney's fees and such other relief as the Court deems equitable and just.

## COUNT IV

38.    Plaintiff repeats and incorporates all allegations previously set forth in the

Complaint as if more fully set forth herein.

39.    Plaintiff reported that a subordinate was subjected to sexual harassment

which he reasonably believed was in violation of federal and state anti-discrimination

laws, including but not limited to Title VII and the New Jersey LAD, N.J.S.A. 10:5-1 et

seq.

40.    Plaintiff was retaliated against by Defendant Boston Scientific, defendant

Gary Lickovich and defendant Samuel Conaway for reporting what he reasonably

believed was a violation of law and/or public policy, in violation of the New Jersey

CEPA statute, N.J.S.A. 39:19-1 et seq.

41.    As a result of the foregoing conduct by defendants, plaintiff has suffered

and will continue to suffer injury and damage to his personal and professional reputation,

emotional distress, humiliation, and the loss of past, present and future earnings and

benefits as direct result of the foregoing conduct by defendants.

WHEREFORE, the plaintiff demands judgment against defendant Boston

Scientific, defendant Gary Lickovich and defendant Samuel Conaway for compensatory

7

damages, treble damages, interest, cost of suit, attorney's fees and such other relief as the Court deems equitable and just.

## COUNT V

42.     Plaintiff repeats and incorporates all allegations previously set forth in the Complaint as if more fully set forth herein.

43.     Defendant Gary Lickovich and defendant Samuel Conaway aided and abetted defendant Boston Scientific in discrimination against plaintiff based upon his disability and/or a perceived disability of recovering from alcoholism, in violation of the LAD.

44.     As a result of the foregoing conduct by defendants, plaintiff has suffered and will continue to suffer injury and damage to his personal and professional reputation, emotional distress, humiliation, and the loss of past, present and future earnings and benefits as direct result of the foregoing conduct by defendants.

WHEREFORE, the plaintiff demands judgment against defendant Boston Scientific, defendant Gary Lickovich and defendant Samuel Conaway for compensatory damages, punitive damages, interest, cost of suit, attorney's fees and such other relief as the Court deems equitable and just.

## COUNT VI

45.     Plaintiff repeats and incorporates all allegations previously set forth in the Complaint as if more fully set forth herein.

8

46.     Defendants John Does 1 through 10 are fictitious names for individuals, partnerships, corporations and/or entities which employed plaintiff at Boston Scientific.

47.     Defendants John Does 11 through 20 are fictitious names for individuals, who supervised plaintiff and who retaliated and/or discriminated against him.

48.     Defendants John Does 21 through 30 are fictitious names for individuals, who made the decision to retaliate against plaintiff and/or terminate plaintiff.

49.     As a result of the conduct of defendants, plaintiff has suffered damages, loss of past and future earnings, and was otherwise damaged.

*WHEREFORE* plaintiff demands judgment against defendants John Does 1 through 30 for damages, attorney's fees and costs of suit.

## *CERTIFICATION PURSUANT TO RULE 1:38-7(c)*

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

## *CERTIFICATION PURSUANT TO RULE 4:5-1*

1.     The matter in controversy is not the subject matter of any other action pending in any Court or of a pending arbitration proceeding.

2.     Another action or arbitration proceeding is not contemplated.

3.     The names and addresses of any other party who should be joined in the action are:  None.

9

### <u>NOTICE OF DESIGNATION OF TRIAL COUNSEL</u>

**PLEASE BE NOTIFIED** that pursuant to Rule 4:25-4, William J. Martin, Esquire

is hereby designated a trial counsel in the above-captioned litigation on behalf of the firm

of Martin, Gunn & Martin, P.A.

### <u>JURY DEMAND</u>

**DEMAND** is hereby made for a trial by jury as to all issues.

> MARTIN, GUNN & MARTIN, P.A.
> Attorneys for Plaintiff Michael Simons
>
> By: _____
>    WILLIAM J. MARTIN

Dated: August 25, 2015

### <u>REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO R..4:18-1</u>

Plaintiff hereby demands that defendants produce the following documents pursuant to *Rule* 4:18-1:

1.    Any and all documents which establish, relate or refer to your personnel policies and procedures plus any and all amendments and changes thereto, including, but not limited to policies governing terminations, discipline, salary, benefits, vacation, employee evaluations, job duties, assignments, discrimination, harassment and retaliation, in effect during plaintiff's employment.

2.    A complete copy of the employee manual and/or handbook in place at the time of plaintiff's employment.

3.    A complete copy of plaintiff's personnel file.

4.    Any and all payroll records, time sheets, work schedules, automated

timekeeping printouts, and any other documents relating to the hours plaintiff works.

5.    All correspondence, letters, memos, emails, or documents between plaintiff and defendants, their agents, servants or employees in defendant's possession.

6.    Any and all documents relating to plaintiff's employment.

7.    Any and all payroll records, records regarding medical and retirement benefits, including, but not limited to, vacation time, sick time, health benefits, pension benefits, and/or payments or contributions to a 401(k) plan or any other retirement plan while employed by defendants.

8.    Any and all documents relating to any complaints of any kind made by any other individuals employed by defendants in the past five-years for wrongful termination, discrimination, retaliation and/or for failure to pay proper wages and/or overtime.

9.    Any and all documents relating to any lawsuits filed against defendants by employees and/or former employees.

10.    Any and all insurance policies that may potentially be responsible for any verdict and/or judgment relating to any of the allegations contained in plaintiff's Complaint.

11.    Any and all documents relating to any claims against defendants for the past ten (10) years, including but not limited to any claims made in any State or Federal Court, State agency or any other governmental or quasi governmental agency for discrimination, retaliation and/or failure to pay proper wages and/or overtime. If defendants contend that this request is too broad, defendants may limit the request to claims made in the State and Federal Courts of New Jersey as well as any New Jersey state agency or any other governmental or quasi governmental agency. If defendants object on the basis that ten (10) years is too broad and/or too remote, defendants may reduce the time to five (5) years.

12.    Copies of all draft and final expert reports prepared on behalf of defendants and curriculum vitae of said experts.

13.    All documents reviewed or relied upon by defendants' expert witness in rendering their reports or opinions in this matter.

11

14.    Copies of all articles and/or publications written by defendants' experts.

15.    Copies of all books, treatises, articles and other works which defendants' expert regards as authoritative on the subject about which each said expert is expected to testify.

16.    A list of all other cases in which the expert has testified as an expert at trial or by deposition.

17.    Any and all documents relied upon in preparing the Answer and Separate Defenses to plaintiff's Complaint.

Please be advised that the aforementioned requests for production of documents is continuing and such documents that may not be available at the time a response is formulated should be produced upon procurement of same in order for defendants to remain fully compliant with said discovery requests.

MARTIN, GUNN & MARTIN, P.A.
Attorneys for Plaintiff Michael Simons

Dated: August 25, 2015

By: _____
WILLIAM J. MARTIN

**<u>EXHIBIT B</u>**

MARTIN, GUNN & MARTIN, P.A.
William J. Martin, Esquire
Attorney ID No. 047941988
Sentry Office Plaza, Suite 420
216 Haddon Avenue
Westmont, New Jersey 08108
(856) 858-0900
(856) 858-1278 (fax)
Attorneys for Plaintiff Michael Simons

| | |
|---|---|
| **MICHAEL SIMONS,**<br><br>               Plaintiff,<br><br>**v.**<br><br>**BOSTON SCIENTIFIC, GARY LICKOVICH, SAMUEL CONAWAY AND JOHN DOES 1-30,**<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY<br><br>Index No.:  MID-L-5129-15<br><br>Civil Action<br><br>**ACKNOWLEDGEMENT AND ACCEPTANCE OF SERVICE** |

TO:    **MARTIN, GUNN & MARTIN, P.A.**
        **Attorneys for Plaintiff Michael Simons**

Receipt is hereby acknowledged on the 15th day of September, 2015 of the Complaint

and Summons in the above matter.  I hereby accept service of process on behalf of defendants

Boston Scientific Corporation, Gary Lickovitch and Samuel Conaway.

MORGAN, LEWIS & BOCKIUS LLP

DATED:  October 13, 2015

By: _____
August W. Heckman III
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone:  (609) 919-6658
Facsimile:  (609) 919-6701
aheckman@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 2015, I served the foregoing

Acknowledgement and Acceptance of Service via Federal Express and Electronic Mail ("E-

Mail") on the following:

> William J. Martin
> Martin, Gunn & Martin, P.A.
> Sentry Office Plaza, Suite 420
> 216 Haddon Avenue
> Westmont, New Jersey 08108
>
> *Attorney for Plaintiff*

_____
August W. Heckman III

2

# **EXHIBIT C**

**MORGAN, LEWIS & BOCKIUS LLP**
*(Pennsylvania Limited Liability Partnership)*
502 Carnegie Center
Princeton, New Jersey 08540-7814
August W. Heckman III
(609) 919-6658
*Attorneys for Defendants*

| | |
|---|---|
| **MICHAEL SIMONS,**<br><br>Plaintiff,<br><br>v.<br><br>**BOSTON SCIENTIFIC, GARY LICKOVICH, SAMUEL CONAWAY AND JOHN DOES 1-30,**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION –MIDDLESEX COUNTY<br>  Index No.:  MID-L-5129-15<br><br>Civil Action<br><br>**NOTICE OF FILING**<br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that a Notice of Removal of the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, was filed on October 15, 2015, in the United States District Court for the District of New Jersey.  A copy of the Notice of Removal (with attachments) is attached hereto.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

DATED:  October 15, 2015

August W. Heckman III
502 Carnegie Center
Princeton, New Jersey 08540-7814
Telephone:  (609) 919-6658
Facsimile:  (609) 919-6701
aheckman@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2015, I served the foregoing Notice of Filing Notice of Removal (with attached exhibits) via Federal Express and Electronic Mail ("E-Mail") on the following:

William J. Martin
Martin, Gunn & Martin, P.A.
Sentry Office Plaza, Suite 420
216 Haddon Avenue
Westmont, New Jersey 08108

*Attorney for Plaintiff*

_____
August W. Heckman III